COITLAW PC
ANDREW COIT
PO BOX 50310
EUGENE OR 97405
(541) 505-6713
E-Mail: coitattorney@gmail.com


Attorney for Defendant

---

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## Eugene Division

---

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>SHAWN WAFFORD,<br><br>Defendant. | Case No.: 6:23-CR-00134-001-MTK<br><br>DEFENDANT'S SENTENCING MEMORANDUM<br><br>SENTENCING DATE:  5/13/26 11:00 AM |

### I.  Introduction

Defendant Shawn Wafford has pled guilty to Conspiracy to Possess with Intent to Distribute Controlled Substances, Methamphetamine in violation of 21 U.S.C. § 841 (a)(1), (b)(1)(A)(vii).  The plea agreement is set forth in the plea petition and presentence report.

The recommendation set forth in the presentence report is that defendant receive a custody sentence of 8 months followed by 2-5 years of supervision.

Defendant is requesting a sentence of probation.   In the alternative, defendant is requesting a sentence that is considerably less than 8 months and that if any custody sentence is imposed that defendant be allowed to serve said sentence utilizing home detention.

## II.  Argument

For sentencing purposes, the Court must first determine the guideline range and then decide a sentence that is sufficient, but not greater than necessary, to accomplish the ends of sentencing.

The Court should consider the nature and circumstances of the offense as well as the history and characteristics of the defendant.  18 U.S.C. § 3553(a)(1). The sentence should: (1) reflect the seriousness of the offense; (2) afford adequate deterrence to criminal conduct; (3) protect the public from further crimes; and (4) provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner.  18 U.S.C. § 3553(a)(2).  The Court should also consider the types of sentences available, 18 U.S.C. § 3553(a)(3), and the range established by the sentencing guidelines, 18 U.S.C. § 3553(a)(4).  Also relevant are any pertinent policy statements issued by the Sentencing Commission, the need to avoid unwarranted disparities among

similarly situated defendants and the need to provide restitution to victims.  18 U.S.C. § 3553(a)(5)-(7).

Under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), and Blakely v. Washington, 124 S. Ct. 2531 (2004), the sentencing guidelines are now advisory.  In this case, the Court may impose any sentence other than one that exceeds the statutory maximum.  No mandatory minimums are applicable.

Defendant respectfully requests this Court impose a sentence of probation. Defendant submits such a sentence is warranted given defendant's personal circumstances as outlined in the presentence report and under the facts of this case

RESPECTFULLY SUBMITTED this 5th day of May, 2026.

*/s/ Andrew D. Coit*

ANDREW D. COIT, OSB #972378
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the above-mentioned date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Nathan Lichvarcik
US Attorney's Office, District of Oregon
405 E. 8th Avenue, Ste. 2400
Eugene, Oregon 97401
P (541) 465-6771
F (541) 465-6917
E-Mail: nathan.j.lichvarcik@usdoj.gov

RESPECTFULLY SUBMITTED this 5th day of May, 2026

/s/ Andrew D. Coit

ANDREW D. COIT, OSB #972378
Attorney for Defendant